UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

——

DAVID KENT FLEMING,

                 Plaintiff,                    Case No. 2:15-cv-112

v.                                              Honorable R. Allan Edgar

MANISTIQUE PUBLIC SAFETY, et al.,

                    Defendants.
_____/

## OPINION

           This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Manistique Public Safety, Sault Tribe Law Enforcement, and the Michigan State Police. The Court will serve the complaint against Defendants Manistique Public Safety Officer Regan E. Twardokus, Manistique Public Safety Sergeant Charles Willour, Michigan State Police Officers Eric Johnson and Paul Williams, and Sault Tribal Officer Justin Schlabach.

## Discussion

I.      Factual allegations

Plaintiff David Kent Fleming, a state prisoner currently confined at the Marquette Branch Prison (MBP), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Manistique Public Safety, Sault Tribe Law Enforcement, the Michigan State Police. Plaintiff also names Manistique Public Safety employees Officer Regan E. Twardokus and Sergeant Charles Willour, Michigan State Police Officers Eric Johnson and Paul Williams, and Sault Tribal Officer Justin Schlabach as Defendants.

In Plaintiff's complaint, he alleges that on June 9, 2013, a Nicholas Lund made a police report claiming that Plaintiff had broken his cell phone. This caused police to investigate Plaintiff's home, where Plaintiff's grandmother told police that she had broken the phone. Defendant Police officers accused Plaintiff of drinking and searched Plaintiff's home. Defendant Police Officers then attempted to arrest Plaintiff for the broken phone and for violating the terms of his probation.

Plaintiff alleges that Defendant Twerdokus shot her taser at Plaintiff's chest, near his heart, which caused Plaintiff to "defend himself from an illegal arrest." Defendant Johnson then sprayed pepper spray on Plaintiff's face and eyes, causing Plaintiff to fall onto his face on the floor, where Defendant Willour tased him. While Plaintiff was being held on the ground by two officers with one of the officers kneeling on Plaintiff's back, Defendant Willour gave Plaintiff an additional blast from his taser. Plaintiff was subsequently taken to the Schoolcraft Memorial Hospital for evaluation of taser sites. Plaintiff states that he was having difficulty breathing as a result of the taser stuns. According to the Emergency Room Note, Plaintiff was tased twice, once in the front and once in the back, and was also maced. The ER doctor also noted that Plaintiff had been drinking alcohol.

-2-

Plaintiff was examined and two small erythematous wounds from the taser barb sites on each side of his body were noted.  However, the doctor observed no active bleeding, surrounding erythema, or significant swelling.  The doctor noted that Plaintiff was awake and oriented, but remained combative with police.  *See* docket #1-4, p. 1 of 2.  The ER doctor concluded that Plaintiff was intoxicated, but not demonstrating any respiratory distress or cardiac arrythmias, so Plaintiff could be safely transported to the jail.  *Id.* p. 2 of 2.

Plaintiff was taken to the Schoolcraft County Jail and additional officers arrived to assist in restraining Plaintiff in a chair.  Plaintiff alleges that during the course of restraining him in the chair, he was punched in the eye and felt acute pain in his lower back.  Plaintiff's leg was not tied down properly and Defendant Twardokus tased Plaintiff in both legs in an attempt to get his left leg restrained.  Plaintiff contends that there was no reason to tase him in the legs when he was already restrained on the chair.

II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 679.  Although

the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than

a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is

entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*,

630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies

to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and

1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right

secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp.*

*of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights,

not a source of substantive rights itself, the first step in an action under § 1983 is to identify the

specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Initially, the court notes that Plaintiff's claim against the Michigan State Police is

barred.  The Michigan State Police is an agency of the state of Michigan, protected by sovereign

immunity. *See Lavrack v. City of Oak Park,* No. 98–1142, 1999 WL 801562, at *2 (6th Cir. Sept.28,

1999)*; see also Scott v. Michigan,* 173 F.Supp.2d 708, 714 (E.D.Mich.2001) (finding the Michigan

State Police is an arm of the state of Michigan entitled to Eleventh Amendment immunity)*; Jones*

*v. Robinson,* No. 12–12541, 2012 U.S. Dist. LEXIS 113652, at *8, 2012 WL 3308292 (E.D.Mich.

Aug.13, 2012) (also finding Michigan State Police Department is a state agency immune from suit

under § 1983)*; Haddad v. Fromson,* 154 F.Supp.2d 1085, 1091 (W.D.Mich.2001) (explaining that

the Michigan State Police is a department of the State of Michigan "created by statute," and is thus

entitled to Eleventh Amendment immunity) (citing Mich. Comp. Laws § 16.250)), overruled on other grounds, *Lapides v. Bd. of Regents of the Univ. Sys. of Georgia,* 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002). Furthermore, the Sixth Circuit has observed that the Michigan State Police is not a "person" subject to suit under § 1983. *Lavrack, 1999 WL 801562 at \*2 (*citing *Howlett v. Rose,* 496 U.S. 356, 383, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990).*  Therefore, the Michigan State Police is properly dismissed.

In addition, Manistique Public Safety Department is entitled to dismissal because a city police department is not a legal entity against whom a suit can be directed. *Moomey v. City of Holland,* 490 F.Supp. 188 (W.D.Mich.1980) (police department is merely creature of the city under Mich. Comp. Laws Ann. § 92.1 (West 1991); city is real party in interest).  *See Michonski v. City of Detroit,* 162 Mich.App. 485, 413 N.W.2d 438 (1987) (public lighting department is not separate legal entity against whom tort action may be brought).  *Haverstick Enterprises, Inc. v. Fin. Fed. Credit, Inc.,* 803 F. Supp. 1251, 1256 (E.D. Mich. 1992) aff'd, 32 F.3d 989 (6th Cir. 1994).

With regard to Plaintiff's claim against Sault Tribe Law Enforcement, the court notes that:

> Indian tribes are " 'domestic dependent nations' " that exercise "inherent sovereign authority." *Oklahoma Tax Comm'n v. Citizen Band Potawatomi Tribe of Okla.,* 498 U.S. 505, 509, 111 S.Ct. 905, 112 L.Ed.2d 1112 (1991) (Potawatomi ) (quoting *Cherokee Nation v. Georgia,* 5 Pet. 1, 17, 8 L.Ed. 25 (1831)). As dependents, the tribes are subject to plenary control by Congress. *See United States v. Lara,* 541 U.S. 193, 200, 124 S.Ct. 1628, 158 L.Ed.2d 420 (2004) ("[T]he Constitution grants Congress" powers "we have consistently described as 'plenary and exclusive' " to "legislate in respect to Indian tribes").  And yet they remain "separate sovereigns pre-existing the Constitution." *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 56, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978). Thus, unless and "until Congress acts, the tribes retain" their historic sovereign authority. *United States v. Wheeler,* 435 U.S. 313, 323, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978).

*Michigan v. Bay Mills Indian Cmty.*, 134 S. Ct. 2024, 2030, 188 L. Ed. 2d 1071 (2014).

Accordingly, courts have dismissed any suit against a tribe absent congressional authorization (or a waiver). *Id.* (citing *Kiowa Tribe of Okla. V. Manufacturing Technologies, Inc.*, 523 U.S. 751, 756 (1998)). Defendant Sault Tribe Law Enforcement is an agency of the tribe, which is also protected by sovereign immunity. Therefore, Plaintiff's claims against Defendant Sault Tribe Law Enforcement are properly dismissed.

The court concludes that Plaintiff's excessive force claims against Defendants Twardokus, Willour, Johnson, Williams, and Schlabach are not clearly frivolous and may not be dismissed on initial review.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Manistique Public Safety, Sault Tribe Law Enforcement, and the Michigan State Police will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Twardokus, Willour, Johnson, Williams, and Schlabach.

An Order consistent with this Opinion will be entered.


Dated:  9/9/2015               /s/ R. Allan Edgar
                               R. ALLAN EDGAR
                               UNITED STATES DISTRICT JUDGE